IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE EAP,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 07-2301 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

    Plaintiff seeks leave to file a second amended complaint to increase the amount of damages sought for the loss of decedent's love, society, comfort, care and attention in excess of the amount sought in his government claim. Plaintiff states that the amount of damages sought in the government claim was based on the CHP Traffic Collision Report, which attributed part of the blame for decedent's death to the decedent's improper use of her seat belt. Plaintiff seeks to increase the amount of damages based upon a recent expert report concluding that decedent was killed instantly and that wearing the seat belt properly "would not have significantly reduced the kinds of injuries she sustained," and also concluding that some of decedent's injuries suggest that she may have been wearing her seat belt properly after all. Robertson Decl. at 4-5. Defendants oppose amendment on the ground that the evidence used to support the increase in damages was reasonably discoverable at the time plaintiff filed the government claim.

    Under the Federal Rules of Civil Procedure, leave to amend "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Court finds plaintiff has shown that amendment is appropriate under the Tort Claims Act because the "increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon

allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The expert report was based upon the expert's review of the Coroner's report, which plaintiff's counsel did not receive until several months after the tort claim was filed. In addition, there has been no showing that plaintiff has engaged in bad faith, or that defendants will be prejudiced by the amendment. *See Richardson v. United States*, 841 F.2d 993, 998-99 (9th Cir. 1988) (leave to amend to increase damages should be "freely granted where the opposing party will not be prejudiced thereby" and "mere passage of time, by itself, is insufficient; rather, there must be an affirmative showing of either prejudice or bad faith").

Accordingly, the Court GRANTS plaintiff's motion for leave to file a second amended complaint. (Docket No. 53). Plaintiff shall file a second amended complaint no later than **December 22, 2008**.

**IT IS SO ORDERED.**

Dated: December 15, 2008

SUSAN ILLSTON
United States District Judge

2