CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Attorneys for Plaintiffs
SUSAN WYCKOFF and ALEXANDER WYCKOFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,<br><br>Defendants. | Case No. C-07-3600 SI<br><br>**[PROPOSED] AMENDED ORDER APPOINTING SPECIAL MASTER** |
| CHARLIE EAP, heir at law of decedent Holly Annie Eap,<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA, DANIEL EARL SPERL,<br><br>Defendants. | Case No. C-07-2301 SI |

On March 10, 2009, the Wyckoff plaintiffs filed an administrative motion for modification of case management order. In that motion, plaintiffs requested, among other things, that a "briefing and hearing schedule shall be set for Plaintiffs' Motion for Appointment of Special Master for Discovery." As grounds therefore, plaintiffs asserted in their motion: "The importance of the ESI [electronically stored information] evidence on the central issues in the case, the complexity of the disputed ESI discovery issues, the level of resistance and course of litigation of the ESI issues by the government, and the resources the discovery proceedings are taking from the Court all justify consideration of a special discovery master going forward." The government opposed plaintiffs' administration motion.

Plaintiffs' administrative motion was discussed during a telephone conference, which occurred on March 17, 2009, in which all parties, through their attorneys of record, participated. During that telephone conference, the Court indicated that it would appoint a Special Master to handle discovery disputes, and directed the parties to meet and confer regarding candidates for appointment. On March 19, 2009, the parties advised the Court that they had selected the Hon. Read Ambler (Ret.) of JAMS.

On March 31, 2009, the Court filed its Order appointing the Hon. Read Ambler (Ret.) as Special Master.

The Consent and Affidavit of Special Master Ambler inadvertently was not filed pursuant to F.R.C.P. 53(b)(3), prior to filing of the Order appointing the Special Master. On April 10, 2009, the Consent and Affidavit of Special Master Ambler was filed.

The Consent and Affidavit of Special Master Ambler having been filed, the Court hereby confirms the appointment of the Hon. Read Ambler (Ret.) as Special Master in this matter, pursuant to the following terms:

Pursuant to F.R.C.P. 53(a)(1)(C), the Court hereby appoints the Hon. Read Ambler (Ret.) as Special Master to handle all discovery disputes, except as noted below, notwithstanding the lack of consent by all the parties, because such disputes cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

The Special Master is directed to proceed with all reasonable diligence.

1  The Special Master is directed to handle all pending and future discovery disputes, except
2  for (1) the March 31, 2009, telephone conference with Magistrate Judge Zimmerman concerning
3  plaintiffs' request that the government produce the results of the computer backup tape project in
4  native file format; and (2) plaintiffs' anticipated motion for sanctions based on alleged spoliation
5  of evidence.
6  The Special Master may communicate ex parte with the Court but not with the parties,
7  unless the parties so stipulate.
8  All parties will e-file all filings and materials submitted to the Special Master, and the
9  Special Master will cause to be e-filed all orders, findings, and recommendations that he may
10 issue.
11 Consistent with the case management dates set forth in the Court's Second Pretrial Order
12 attached hereto, the Special Master will establish the procedures for adjudication of the discovery
13 disputes tendered to him.
14 Unless otherwise directed by the Special Master and approved by the Court, compensation
15 for the Special Master will be allocated as follows: Wyckoff plaintiffs (25%); Eap Plaintiff
16 (25%); Defendant Sperl (25%); and Defendant USA (25%).
17 //
18 //

Unless the parties stipulate otherwise, the parties and the Special Master will comply with all other requirements of Rule 53.

Good cause appearing, it is so ordered.

Dated: _____, 2009

_____
The Honorable Susan Illston
United States District Judge

APPROVED AS TO FORM:

Dated: April 13, 2009

_____
The Honorable Read Ambler (Ret.)

CHAVEZ & GERTLER LLP

Dated: April 13, 2009

By: ___/s/_____
Joseph R. Igelmund
Counsel for Plaintiffs Wyckoff

DAVIS LAW OFFICES

Dated: April 13, 2009

By: ___/s/_____
Andy Davis
Counsel for Plaintiff Eap

JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

Dated: April 13, 2009

By: ___/s/_____
James A. Scharf
Counsel for Defendant USA

CESARI, WERNER & MORIARTY

Dated: April 13, 2009

By: ___/s/_____
Kristina Velarde
Counsel for Defendant Sperl