JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
Facsimile: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN WYCKOFF, et al, and CHARLIE EAP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and DANIEL EARL SPERL, <br><br> Defendants. | No. C 07-2301 SI <br> No. C 07-3600 SI <br><br> (Consolidated for All Purposes) <br><br> **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677; [PROPOSED] ORDER** |

It is hereby stipulated by and between each of the undersigned parties, by and through their respective attorneys, as follows:

1. The parties to this Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned consolidated action and this litigation under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as an

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

-1-

admission of liability or fault on the part of the United States, its agents, servants, or employees, or by defendant Daniel Sperl, his insurer USAA, or their agents, servants, employees or heirs, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed personal injury and wrongful death claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the parties' agreement to accept the terms and conditions of this settlement, defendant United States and defendant Sperl (by his insurer, USAA) agree to pay the combined cash sum of $3,550,000.00 (hereinafter "Settlement Amount") to be paid as follows, $2,170,000.00 [handwritten] subject to the further terms and conditions set forth in this Stipulation: ~~$2,170,00.00~~ by defendant United States to plaintiff Susan Wyckoff in her individual capacity and as Administratix of the Estate of Peter Wyckoff; $930,000.00 by defendant United States to plaintiff Susan Wyckoff as Guardian ad Litem for Alexander Wyckoff; $400,000.00 by defendant United States to plaintiff Charlie Eap; $25,000.00 by defendant Sperl (by his insurer, USAA) to plaintiffs Susan Wyckoff and Alexander Wyckoff; and $25,000.00 by defendant Sperl (by his insurer, USAA) to plaintiff Charlie Eap. Plaintiffs Susan and Alexander Wyckoff further agree to pay $25,000.00 (i.e. the amount received from defendant Sperl) to plaintiff Charlie Eap

A. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; (3) a fully executed waiver and release from each State, private entity, and private individual, if any, for any and all past, present, and future claims or liens for reimbursement or payment any such State, private entity, or private individual may have arising from any benefits or payments made to or on behalf of any plaintiff by any such State, private entity, or private individual; (4) a fully executed waiver and release from any State, private entity, or private individual, if any, who has or may have now or in the future a claim or cause of action against the United States (and its agents, servants, and employees) arising out of the subject matter of the above-captioned action, including any claim for contribution, indemnification, or subrogation; and (5) an authorization by the Attorney

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

-2-

General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request requesting that checks in the following settlement amounts be issued payable to plaintiffs and their attorneys: $2,170,000.00 by defendant United States to plaintiff Susan Wyckoff in her individual capacity and as Administratix of the Estate of Peter Wyckoff and her attorneys, Chavez & Gertler; $930,000.00 by defendant United States to plaintiff Susan Wyckoff as Guardian ad Litem for Alexander Wyckoff and her attorneys, Chavez & Gertler; $400,000.00 by defendant United States to plaintiff Charlie Eap and his attorneys, Davis Law Offices. These checks for said settlement amounts will be mailed to the United States Attorney for the Northern District of California to hold until such time as the plaintiffs' counsel have filed a motion or stipulation with the United States District Court for the Northern District of California to dismiss this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, including any costs, expenses, and fees incurred in obtaining court approval of the settlement.

B. With respect to the payment of the Settlement Amount, the plaintiffs stipulate and agree that:

i. The United States will not sign any annuity application form or uniform qualified assignment form or any equivalent form; nor will the United States pay the Settlement Amount into a qualified settlement fund or its equivalent. Plaintiffs further stipulate and agree that they, their attorneys, Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this paragraph precludes the plaintiffs from purchasing standard, non-structured settlement annuities after the plaintiffs have cashed their Settlement Amount settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

     ii. The plaintiffs will endorse the Settlement Amount check over to their attorneys to be deposited in the attorneys' client trust account to facilitate the disbursement of any amounts authorized by the approving court.

     iii. Each plaintiff agrees that any attorneys' fees owed by that plaintiff in his or her Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount. 28 U.S.C. § 2678. Each plaintiff further agrees that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount paid pursuant to this paragraph and not in addition thereto. Each plaintiff agrees that any fees for legal services for that plaintiff incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in addition thereto.

   C. Each plaintiff stipulates and agrees that he or she is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement against that plaintiff, including any past, present, and future liens or claims for payment or reimbursement by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity, arising from the injuries that are the subject matter of this action. Each plaintiff stipulates and agrees that he or she will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement against that plaintiff asserted by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity. Each plaintiff and his or her attorneys represents that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement against that plaintiff arising from the injuries that are the subject matter of this action. Each plaintiff and his or her attorneys agrees that, no later than thirty (30) days from the date any past,

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

present, or future lien or claim for payment or reimbursement against that plaintiff is paid or resolved by the plaintiffs, he or she will provide to the United States and defendant Sperl evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from that plaintiff's attorneys representing to counsel for the United States and to counsel for Daniel Sperl that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

D. This settlement, including but not limited to the compromise of the minor's claim, is subject to the approval of the Court.

E. This settlement resolves all claims or potential claims by any party to this action arising out of the subject December 22, 2005, automobile accident and this litigation, including but not limited to: any potential claim for medical malpractice related to defendant Sperl's government doctors; any claim or potential claim arising out of this litigation; any motion or potential motion for sanctions pertaining to the subject matter of this case or arising out of this litigation; any motion or potential motion to re-allocate the costs of the Special Master; any potential claim by Sperl or his insurer for contribution or indemnification; and any potential claim by Sperl for alleged violation of his privacy rights.

F. The parties agree to request the Court to stay all litigation events pending the approval of this settlement by the Department of Justice and this Court.

G. The parties agree that the litigation hold placed in this case by the defendant United States may be terminated only upon receipt by plaintiffs of all payments described in Paragraph 3 herein above.

4. The Wyckoff plaintiffs and Eap and their respective guardians, heirs, executors, administrators, and assigns do hereby accept their respective shares of the Settlement Amount set forth above in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for wrongful death, any claims for pre-judgment or post-judgment interest, and any claims for fees, costs, and expenses,

whether incurred in the district court, the court of appeals, or in any other court proceedings, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States of America, the United States Coast Guard, or their agents, servants, and employees, including defendant Sperl, or against Daniel Sperl as an individual defendant and his insurer USAA, or their agents, servants, employees or heirs, on account of the same subject matter that gave rise to the above-captioned action. This includes but is not limited to any potential medical malpractice claim related to defendant Sperl's government doctors. Each plaintiff and his or her guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Coast Guard, and their agents, servants, and employees, and Daniel Sperl as an individual defendant and his insurer USAA, and their agents, servants, employees or heirs, from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, right, subrogated interests, or contribution interests sound in tort, contract, or statutory) of that plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action by that plaintiff, including claims or causes of action for the wrongful deaths of Peter Wyckoff and Holly Eap. Further, the United States of America hereby releases any potential claim that it might have against defendant Daniel Sperl as an individual defendant and his insurer USAA, and their agents, servants, employees or heirs for contribution or indemnification relating to the subject December 22, 2005, automobile accident and this litigation and settlement.

    5. This compromise settlement is specifically subject to each of the following conditions:

        A. The parties agree that this Stipulation sets forth all of the terms, conditions, and requirements of settlement of this action. The parties stipulate and agree that the Stipulation for Compromise Settlement is null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

B. Plaintiffs must be alive at the time the check for the Settlement Amount is transmitted by counsel for the United States to plaintiffs' counsel. In the event of the death of any of the plaintiffs prior to the date of such transmission, the entire Stipulation and the compromise settlement are null and void.

C. Defendant Sperl (and his insurer, USAA) agrees to waive and release any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that he has or may have in the future against the United States, its agents, servants, and employees arising out of the subject matter of the above-captioned action or this litigation. This includes any potential claim for contribution, indemnification or invasion of privacy. This condition is for the benefit of the United States exclusively.

D. Each plaintiff represents that there are no known liens relating to the medical treatment received by that plaintiff or his or her decedents. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (or the State equivalent) or Medicare, and any claims by private entities or private individuals, arising out of the subject matter that gave rise to the above-captioned action, whether disputed by plaintiffs as legally valid or not, each plaintiff must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim as to that plaintiff. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the plaintiffs or the decedents or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiffs or the decedents. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual, if any, who claims to have such lien or claim. Prior to the attorney for the United States seeking approval from the

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

Attorney General or his designee, the plaintiffs must provide the United States with either (i) all such releases and waivers required by this paragraph, if any, or (ii) a written representation by plaintiffs' counsel stating, after a diligent search of counsel's law firms' records and files and of the plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

E. The United States District Court for the Northern District of California must agree to dismiss the district court action with prejudice, with each party bearing its own fees, costs, and expenses. The Order of dismissal of the above-referenced civil action must expressly provide that the District Court shall not retain jurisdiction over this action, the settlement, or any other matter pertaining to this action or the settlement after receipt by plaintiffs of all payments described in Paragraph 3 herein above.

F. The Wyckoff plaintiffs represent that they are the only heirs at law of decedents Peter Wyckoff; and Eap and Susan Wyckoff represent that they are the only heirs at law of decedent Holly Eap, and that they are the only proper claimants for the wrongful deaths of the respective decedents. In the event that representation turns out to be inaccurate, each plaintiff agrees to defend and indemnify all defendants in any action brought by other claimants for the wrongful deaths of the person pled in that plaintiff's Complaint.

6. The parties agree that, upon notice from the attorney for the United States that the United States Attorney's Office has received the check for the amount of the Settlement Amount, the plaintiffs' attorneys shall file with the United States District Court for the Northern District of California a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, the attorney for the United States shall transmit to plaintiffs' counsel said check in the amount of the Settlement Amount. Subject to the terms and conditions set forth in Paragraph 3, above, plaintiffs' attorneys agree to distribute the Settlement Amount as provided herein after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of this Stipulation, and attorneys fees and expenses.

7. The parties agree that this Stipulation, including all the terms and conditions of this

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

9. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

11. For the reasons set forth in the petition for approval of minor's compromise, the Court finds that the settlement of the claim of Alexander Wyckoff, a minor, is fair, reasonable, just and in his best interest. In so finding, the Court notes that defendant United States is disputing liability and has filed dispositive motions. The Court further notes that the settlement

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

of the minor's claim resulted from a mediation with retired Magistrate Judge Infante of JAMS, and that the minor was represented by separate counsel at that mediation. It thus appears that the settlement of the claim of Alexander Wyckoff is a reasonable compromise of his disputed personal injury and wrongful death claim to avoid the expenses and risks of further litigation. Therefore, the Court hereby approves said compromise of the minor's claim and authorizes Susan Wyckoff, his court appointed guardian ad litem, to sign this Stipulation on his behalf.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

Dated: ~~December~~ February 3, 2010

By: /s/ James A. Scharf
James A. Scharf
Assistant United States Attorney
Attorney for Defendant USA

Dated: December ___, 2009

CHAVEZ & GERTLER LLP

By: _____
Jonathan Gertler

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF

Dated: ~~December~~ February 2, 2010

DAVIS LAW OFFICES

By: /s/ Andrew J. Davis
Andrew J. Davis

Attorneys for Plaintiffs CHARLIE EAP, heir at law of decedent Holly Annie Eap

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

of the minor's claim resulted from a mediation with retired Magistrate Judge Infante of JAMS, and that the minor was represented by separate counsel at that mediation. It thus appears that the settlement of the claim of Alexander Wyckoff is a reasonable compromise of his disputed personal injury and wrongful death claim to avoid the expenses and risks of further litigation. Therefore, the Court hereby approves said compromise of the minor's claim and authorizes Susan Wyckoff, his court appointed guardian ad litem, to sign this Stipulation on his behalf.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

Dated: December __, 2009        By: _____

James A. Scharf
Assistant United States Attorney
Attorney for Defendant USA

Dated: ~~December __, 2009~~ 2·5·10        CHAVEZ & GERTLER LLP

By: _____
Jonathan Gertler

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF

Dated: December __, 2009        DAVIS LAW OFFICES

By: _____
Andrew J. Davis

Attorneys for Plaintiffs CHARLIE EAP, heir at law of decedent Holly Annie Eap

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

-10-

| | | |
|---|---|---|
| 1 | Dated: December __, 2009 | CHAVEZ & GERTLER LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Jonathan Gertler |
| 5 | | Attorneys for Plaintiffs SUSAN WYCKOFF, individually, |
| 6 | | and as Administratrix of the Estate of PETER WYCKOFF; |
| 7 | | ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF |
| 8 | Dated: December ___, 2009 | DAVIS LAW OFFICES |
| 9 | | |
| 10 | | |
| 11 | | By: _____ |
| | | Andrew J. Davis |
| 12 | | Attorneys for Plaintiffs CHARLIE EAP, heir at law of |
| 13 | | decedent Holly Annie Eap |

Dated: ~~December ___, 2009~~ February 1, 2010     CESARI, WERNER & MORIARTY

By: _____[signature]_____
Kristina L. Velarde

Attorneys for Defendant DANIEL EARL SPERL

Dated: December ___, 2009     BAUM & BLAKE

By: _____[signature]_____
Martin Blake

Attorney for ALEXANDER WYCKOFF, a minor

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

-11-


| | |
|---|---|
| Dated: December ___, 2009 | CESARI, WERNER & MORIARTY |
| | By: _____ |
| | Kristina L. Velarde |
| | Attorneys for Defendant DANIEL EARL SPERL |
| Dated: December ___, 2009 | BAUM & BLAKE |
| | By: _____ |
| | Martin Blake |
| | Attorney for ALEXANDER WYCKOFF, a minor |

APPROVAL BY THE PARTIES

DATED: 1/18/10    _____
Plaintiff Susan Wyckoff, individually

DATED: 1/18/10    _____
Plaintiff Susan Wyckoff, Administratrix of the
Estate of Peter Wyckoff

DATED: 1/18/10    _____
Plaintiff Susan Wyckoff, Guardian ad Litem
for Alexander Wyckoff (to be signed after the Court
approves the compromise of the minor's claim)

DATED: 2/2/10    _____
Plaintiff Charlie Eap, heir at law of decedent Holly
Annie Eap

DATED: _____    _____
Defendant Daniel Earl Sperl

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

## APPROVAL BY THE PARTIES

DATED: _____  _____
Plaintiff Susan Wyckoff, individually

DATED: _____  _____
Plaintiff Susan Wyckoff, Administratrix of the
Estate of Peter Wyckoff

DATED: _____  _____
Plaintiff Susan Wyckoff, Guardian ad Litem
for Alexander Wyckoff (to be signed after the Court
approves the compromise of the minor's claim)

DATED: _____  _____
Plaintiff Charlie Eap, heir at law of decedent Holly
Annie Eap

DATED: 2/1/10  *[signature]*
Defendant Daniel Earl Sperl

DATED: _____  _____
Sue Carreo
Representative, USAA

## [PROPOSED] ORDER

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATED: 2/10/10  *[signature]*
HON. SUSAN ILLSTON
United States District Court Judge

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C-07-3600 SI

## APPROVAL BY THE PARTIES

DATED: _____  _____
Plaintiff Susan Wyckoff, individually

DATED: _____  _____
Plaintiff Susan Wyckoff, Administratrix of the
Estate of Peter Wyckoff

DATED: _____  _____
Plaintiff Susan Wyckoff, Guardian ad Litem
for Alexander Wyckoff (to be signed after the Court
approves the compromise of the minor's claim)

DATED: _____  _____
Plaintiff Charlie Eap, heir at law of decedent Holly
Annie Eap

DATED: _____  _____
Defendant Daniel Earl Sperl

DATED: 2/1/10  *Sue Corrao* (signature)
Sue Carreo
Representative, USAA

## [PROPOSED] ORDER

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATED: _____  _____
HON. SUSAN ILLSTON
United States District Court Judge

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-2301 SI and C 07-3600 SI

-12-